

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

DSS:CAC
F.#2009R02314

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 18, 2011

By ECF

The Honorable Nicolas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Frank Nunziata
           Criminal Docket No. 10-005 (NGG)

Dear Judge Garaufis:

      This letter is submitted pursuant to United States v. Curcio, 680 F.2d 881 (2d Cir. 1982), and its progeny to alert the Court to a potential conflict of interest on the part of Mitchell A. Golub, Esq., appointed counsel for defendant Frank Nunziata. The potential conflict arises from the fact that Mr. Golub has been indicted on a misdemeanor charge of tampering with a witness in the fourth degree in an unrelated case being prosecuted by the New York County District Attorney's Office.  In light of the criminal charges pending against Mr. Golub, the government requests that the Court make appropriate inquiries of Mr. Nunziata and conduct a Curcio hearing to determine whether Mr. Nunziata wishes to knowingly and voluntarily waive his right to conflict-free counsel.

I.    Legal Standard

      When a court has been informed of the possibility of a defense counsel's conflict of interest, it has a threshold obligation to "investigate the facts and details of the attorney's interests to determine whether the attorney in fact suffers from an actual conflict, a potential conflict, or no genuine conflict at all." United States v. Levy, 25 F.3d 146, 153 (2d Cir. 1994).  If the district court determines that the defense counsel has an actual or potential conflict, the court has a "disqualification/waiver obligation" to determine whether the conflict is so severe as to obligate the court to disqualify the attorney or a lesser conflict that can be waived in a Curcio hearing." United States v. Kliti, 156 F.3d 150, 153 (2d Cir.

1998).  A district court "must be allowed substantial latitude in refusing waivers of conflicts of interest . . . where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses."  Wheat v. United States, 486 U.S. 153, 163 (1988).

II.   The Charges Pending Against Mr. Golub
      Create a Potential Conflict

The government submits that the pending criminal charges against Mr. Golub create a potential conflict of interest.  The Second Circuit has recognized a potential conflict of interest where a defense attorney is the subject of a criminal investigation.  E.g., Armienti v. United States, 234 F.3d 820, 824 (2d Cir. 2000).  In Armienti, the Second Circuit vacated the denial of a habeas petition because the district court failed to hold an evidentiary hearing to address a potential conflict arising from a criminal investigation of the defendant's attorney.  The Court explained:

> A lawyer in these circumstances, while dealing on behalf of his client with the office that is prosecuting him personally may, consciously or otherwise, seek the goodwill of the office for his own benefit.  A lawyer's attempt to seek the goodwill of the prosecutor may not always be in the best interest of the lawyer's client.

Armienti, 234 F.3d at 824.

Here, although Mr. Golub is being prosecuted by a separate sovereign, the government maintains that a similar potential conflict of interest arises.  Specifically, Mr. Golub may seek to moderate his conduct in this case to curry favor with law enforcement authorities in general.  In Levy, the Second Circuit considered an analogous situation in which the same prosecutor's office was prosecuting a defendant and his attorney, albeit on unrelated charges, and noted the existence of a potential conflict because the attorney might have "an interest in tempering his defense of [the client] in order to curry favor with the prosecution."  Levy, 25 F.3d at 156.  In addition, the pending prosecution of Mr. Golub may have a chilling effect on his advocacy on behalf of Mr. Nunziata.  Cf. Thompkins v. Cohen, 965 F.2d 330, 332 (7th Cir. 1992) (investigation of attorney "can create a conflict of interest" because "it may induce the lawyer to pull his punches in defending his client" and "temper[] the zeal of his defense").

2

III.     The Potential Conflict Is Waivable

Based on the facts now known to the government, it appears that Mr. Nunziata could waive these potential conflicts of interest. In United States v. Eisen, 974 F.2d 246 (2d Cir. 1992), the Second Circuit elucidated a four-factor test to determine whether an actual conflict of interest constituting a per se deprivation of the Sixth Amendment right to effective assistance of counsel resulted from the pendency of a criminal investigation of a defense attorney: (1) whether the defense attorney's alleged conduct was related to the case at bar; (2) whether the defense attorney's representation of the defendant was the impetus for the investigation into the defense attorney's conduct; (3) whether there was any basis to believe that the defense attorney's handling of the defendant's case was intended to "please or impress" the prosecutors assigned to the defense attorney's case; and (4) whether the defense attorney was authorized to practice law at all times during the case. Id. at 264-65. In United States v. Aiello, 900 F.2d 528 (2d Cir. 1990), the Second Circuit refused to require disqualification where a defendant, who was prosecuted in the Southern District of New York, had counsel who was under criminal investigation by this Office. Id. at 530. In declining to find an actual conflict of interest, the Circuit "repudiate[d] a rigid approach in favor of a consideration of the facts of each case." Id. at 532.

In addition, the Seventh Circuit has held on facts similar to those here that a pending investigation of defense counsel, unrelated to the instant case against the client, does not necessarily create an actual conflict of interest and may be waived. United States v. Hubbard, 22 F.3d 1410, 1419 (7th Cir. 1994); see also Thompkins, 965 F.2d at 332 (if trial court was aware of lawyer's entanglements, then court "was required to . . . determine . . . whether the defendant wanted to be represented by this lawyer regardless"). Similarly, the Eleventh Circuit has suggested in dicta that the conflict created under such circumstances could be waived. See United States v. McLain, 823 F.2d 1457, 1464 & n.11 (11th Cir. 1987) (if defendant had known of the potential conflict he "might have chosen to waive his right to conflict-free counsel after a hearing had been conducted concerning this issue").

IV.  Conclusion

In light of Mr. Golub's potential conflict of interest, the government requests that the Court inquire of the defendant, in accordance with Curcio and its progeny, to determine whether the defendant knowingly and voluntarily waives his right to conflict-free counsel.  In addition, the government requests that the defendant be given the opportunity to consult with conflict-free counsel regarding this waiver.

Respectfully submitted,

LORETTA E. LYNCH  
United States Attorney

By:  _____/s/_____  
Celia A. Cohen  
Assistant U.S. Attorney  
(718) 254-6147

cc: Clerk of Court (NGG) (by ECF)  
    Mitchell A. Golub, Esq. (by ECF)